**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MORRIS TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-3193 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| MARS, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT WITH PREJUDICE**
**PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**

Defendants, Kenco Logistic Services, LLC, Kelvin Walsh, Mike Manzello, David Jabaley, Mario Lopez and Jay Elliott, (collectively "the Kenco Defendants") by and through their undersigned counsel submit this memorandum in support of their Motion to Dismiss Tyson's complaint with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6):

## INTRODUCTION

Tyson's complaint is barred and should be dismissed with prejudice because it constitutes an improper attempt either to split or to re-litigate claims that already have been resolved by the federal district court in the Central District of Illinois, *Tyson v. Kenco et. al.,* 15-cv-2288 ("Tyson I"). The Kenco Defendants obtained summary judgment from the Central District of Illinois as to claims arising out of Tyson's employment with the Kenco Defendants in Tyson I; accordingly, this lawsuit ("Tyson II") is barred by *res judicata*. Tyson has not worked for Kenco since March 2015; all allegations related to his employment with Kenco were already part of his prior lawsuit, Tyson I. Clearly, Tyson cannot ask this Court to resolve duplicative or overlapping claims arising from the same set of operative facts in Tyson I. Tyson's complaint should be dismissed with

prejudice and any further attempts to re-file such claims against the Kenco Defendants should result in sanctions.

## FACTS

1.      Tyson was employed by Kenco as a spotter from April 2013 until March 2015. (Complaint at ¶¶ 2-3.)

2.      More than six months after his termination, on December 7, 2015 Morris Tyson filed an employment discrimination lawsuit in the U.S. District Court for the Central District of Illinois styled *Tyson v. Kenco et. al.,* 15-cv-2288 ("*Tyson I*"). A copy of Tyson's complaint in *Tyson I* is attached hereto as *Exhibit A*.

3.      *Tyson I* alleged claims against Tyson's former employer, Kenco Logistic Services, LLC, Mars, Inc., and former Kenco employees Kelvin Walsh, Mike Manzello, David Jabaley and Mario Lopez.

4.      After significant discovery including Tyson's deposition, the Court for the Central District of Illinois granted summary judgment in favor of Defendants on October 16, 2017 in *Tyson I.*

5.      A copy of that Court's summary judgment opinion is attached hereto as *Exhibit B.*

6.      A copy of the full docket in *Tyson I* is attached hereto as *Exhibit C.*

7.      On May 10, 2019, Tyson filed a second employment discrimination complaint with the U.S. District Court for the Northern District of Illinois styled *Tyson v. Kenco et. al.,* 19-cv-3193 ("*Tyson II*").

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), this Court may grant a motion to dismiss if the Complaint "fail[s] to state a claim upon which relief may be granted."  Fed. R. Civ. P.

12(b)(6).  In analyzing this motion to dismiss, the Court must be guided by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts."  *Iqbal*, 129 S. Ct. at 1953. Under *Twombly* and *Iqbal,* to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face."  *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.)  To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  Dismissal is appropriate if the "allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)"  *Twombly,* 550 U.S. at 555. Dismissal pursuant to 12(b)(6) is appropriate if the complaint is barred by *res judicata. Andersen v. Chrysler Corp.,* 99 F.3d 846, 852 (7th Cir. 1996).

## ARGUMENT

## I.    TYSON'S CLAIMS AGAINST THE KENCO DEFENDANTS ARE BARRED BY *RES JUDICATA* AND CLAIM SPLITTING.

Tyson cannot file a new employment discrimination lawsuit against the Kenco Defendants because it is barred based on the well-settled doctrine of *res judicata.* The doctrine of *res judicata* bars re-litigation of claims arising from the same transaction or occurrence. Three requirements must be met for *res judicata* to apply: "(1) identity of the claim, (2) identity of parties and (3) a final judgment on the merits." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

Tyson's complaint is largely incomprehensible and it is not apparent what claims he brings in *Tyson II*, but it cannot be disputed that all three criteria are satisfied and *res judicata* applies.

*First*, *Tyson II* is an employment discrimination complaint arising under 42 U.S.C. §1981. *Tyson I* also resolved Section 1981 claims related to Tyson's employment with Kenco, accordingly, there is an identity of claims. To the extent that Tyson asserts any other claims, they arise solely from his employment with Kenco. "Separate claims are considered the same cause of action for claim-preclusion purposes 'if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Walczak v. Chi. Bd. of Edu.,* 739 F.3d. 1013, 1016-1017 (7th Cir. 2014). Thus, not only the Section 1981 claims, but *all claims* arising from Tyson's employment at Kenco, are subject to claim preclusion.

*Second*, the parties are virtually identical. Kenco, Walsh, Jabaley, Manzello, and Lopez were all Defendants in *Tyson I.* The only new Kenco defendant, Jay Elliott, is the Vice President of Legal at Kenco and an agent of Kenco. Any of Tyson's claims against Elliott arise out of his employment with Kenco and the same set of operative facts, so Elliott is in privity with Kenco. *Tartt v. Northwest Cmty. Hosp.,* 2004 U.S. Dist. LEXIS 27158, *12-*13 (N.D. Ill. Oct. 1, 2004) (privity of parties where former employee's claims against NCH arose out of his employment with NSA, so NCH is in privity with NSA for purposes of *res judicata*).

*Third,* the Central District Court entered a final judgment on the merits in *Tyson I* when it granted summary judgment in favor of Defendants. *See Exhibits B and C.* Accordingly, Tyson's *Tyson II* is an improper attempt to re-litigate the same set of operative facts arising from his employment at Kenco and is thus barred by *res judicata.* Therefore, this Court should dismiss Tyson's complaint with prejudice.

To the extent that Tyson brings any new theories of recovery in *Tyson II*, such claims are also barred based on the doctrine of claim splitting, a form of *res judicata*. All legal theories arising from the same transaction must be brought in the same lawsuit. *Nalco Co. v. Chen*, 843 F.3d 670,

4

674 (7th Cir. 2016) ("Under the doctrine of claim splitting, a form of *res judicata*, a party cannot split a cause of action into separate grounds of recovery and bring successive lawsuits"). Tyson has not worked for Kenco since March 2015 and the facts in *Tyson I* and *Tyson II* both stem from his employment at Kenco. Tyson was legally required to bring all of his claims related to his employment at Kenco in *Tyson I*. Tyson's attempt to forum shop and re-litigate the same operative facts in a different federal court when summary judgment already has been granted is improper.

WHEREFORE, for all the reasons stated herein, Defendants, Kenco Logistic Services, LLC, Kelvin Walsh, Mike Manzello, David Jabaley, Mario Lopez and Jay Elliott, (collectively "the Kenco Defendants") respectfully request that Tyson's complaint (Tyson II) be with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6).

Dated:  July 15, 2019                                 Respectfully submitted,

                                                      **KENCO LOGISTIC SERVICES, LLC,**
                                                      **KELVIN WALSH, MIKE MANZELLO,**
                                                      **DAVID JABALEY, MARIO LOPEZ AND**
                                                      **JAY ELLIOTT**

                                                      By: /s/ Jody Wilner Moran_____

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Phone:  (312) 787-4949
Fax:      (312) 787-4995
Jody.moran@jackosnlewis.com
Julia.argentieri@jacksonlewis.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, certifies that on July 15, 2019, I caused a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR FED. R. CIV. PRO. 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system. A copy is also being sent via electronic and U.S. mail to:

> **Morris Tyson**
> **P.O. Box 55**
> **Steger IL 60475**
> **Morris60901@yahoo.com**


/s/ Jody Wilner Moran

6

4817-1855-8620, v. 1