IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Morris Tyson,<br><br>         Plaintiff,<br><br>    v.<br><br>Mars, Inc., Exel, Kenco Logistic Services, LLC., Robert Coffey, Todd Moore, Kelvin Walsh, Mario Lopez, David Jabaley, Michael Manzello, and Jay Elliot,<br><br>         Defendants. | Case No. 1:19-cv-03193<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)**

Defendants Mars, Inc., Robert Coffey, and Todd Moore (collectively "Defendants"), by and through their undersigned counsel, move for dismissal of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted because Plaintiff's claims are barred under the doctrine of res judicata. As discussed below, the claims currently before this Court have been, or could have been, fully and finally resolved by the United States District Court for the Central District of Illinois. Alternatively, Defendants move for the dismissal of multiple causes of action raised in Plaintiff's Complaint as such claims are time-barred by the applicable statute of limitation. Finally, Plaintiff's Complaint should be stricken as scandalous pursuant to Fed.R.Civ.P. 12(f) for exceeding, and thereby failing to meet, the requirements of Fed.R.Civ.P. 8.

I.   INTRODUCTION

Plaintiff Morris Tyson ("Tyson") is a former employee of Defendants Kenco Logistic Service, LLC ("Kenco") and Exel. On December 8, 2015, Plaintiff filed an action *pro se* in the

1

United States District Court for the Central District of Illinois against Defendants Mars, Inc., Kenco, Kelvin Walsh, Mario Lopez, David Jabaley, and Michael Manzello. (2:15-cv-02288-CSB-EIL, ECF #1) Plaintiff alleged that Defendants discriminated against him because of his: age under the Age Discrimination in Employment Act ("ADEA"), disability under the Americans with Disabilities Act ("ADA"), race under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), sex/gender under Title VII; and also raised other claims including a federal claim for conspiracy under 42 U.S.C. § 1985(3) ("Section 1985") and Illinois state claims for conspiracy, intentional and willful interference, and aiding and abetting. (Id.)

Defendants Kenco, Kelvin Walsh, Mario Lopez, David Jabaley, and Michael Manzello ("Kenco Defendants") (Id. at ECF #16) and Defendant Mars, Inc. (Id. at ECF #23) filed motions to dismiss. On May 3, 2016, the Court granted in part and denied in part the motions to dismiss and dismissed the ADEA (age), Title VII (race and sex/gender), state-law conspiracy, state-law intentional and willful interference, and state-law aiding and abetting claims against all Defendants, and the ADA (disability) claim against all Defendants except Kenco. (Id. at ECF #37). The only claims to survive were those under Section 1981 (race) and Section 1985 (federal conspiracy) against all Defendants and the ADA claim against Kenco. (Id.)

On July 1, 2016, Plaintiff filed an Amended Complaint (Id. at ECF #38). Plaintiff did not move for leave to file such Amended Complaint, however the Court construed the filing as a Motion for Leave to File an Amended Complaint which it granted. (Id. at ECF #40) The Amended Complaint alleged that Defendants discriminated against Tyson because of his: age under ADEA, disability under ADA, race under Title VII and Section 1981, sex/gender under Title VII; and also raised other claims including a federal claim for conspiracy under Section

2

1985 and Illinois state claims for conspiracy, intentional and willful interference, and aiding and abetting. (Id. at ECF #38) Plaintiff also raised new claims for intentional infliction of emotional distress and obstruction of justice. (Id.) Having previously dismissed several of those claims by Order on May 3, 2016 (Id. at ECF #37), the Court struck the claims included in the Amended Complaint that were inconsistent with the May 3, 2016 Order, leaving only the Section 1981 (race) and Section 1985 (federal conspiracy) against all Defendants, the ADA claim against Kenco, and the newly added claims for intentional infliction of emotional distress and obstruction of justice against all Defendants. (Id. at ECF #40)

On June 30, 2017, Kenco Defendants (Id. at ECF #104) and Defendant Mars, Inc. (Id. at ECF #103) each filed a Motion for Summary Judgment. On October 16, 2017, the Court granted both motions for summary judgment in full, and the case was terminated (Id. at ECF #111)

On May 10, 2019, Plaintiff filed this action *pro se* in the United States District Court for the Northern District of Illinois against Defendants Mars, Inc., Robert Coffey, Todd Moore, Kenco, Kelvin Walsh, Mario Lopez, David Jabaley, Michael Manzello, Jay Elliot, and Exel. (Complaint, ECF #1) In 62 pages of factual allegations with no enumerated counts or any ordered form, Plaintiff appears to allege various forms of discrimination against Defendants, including, but not limited to: age under ADEA; disability under ADA; race, hostile work environment, disparate treatment (mixed-motive and pretext) and impact, retaliation, and harassment under Title VII and Section 1981; sex/gender under Title VII; and race discrimination under the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991. (Id.) Additionally, Plaintiff appears to also allege federal claims for conspiracy under Section 1985, deprivation of rights under 42 U.S.C. § 1983 ("Section 1983"), obstruction of justice, obstruction of an administrative proceeding, manipulation and false statements, and mail fraud,

3

and Illinois state claims for conspiracy, intentional and willful interference, intentional infliction of emotional distress, breach of fiduciary duty, defamation, perjury, and aiding and abetting. (Id.)

As explained below, the claims set forth in Plaintiff's Complaint are barred by the doctrine of res judicata since the claims currently before the Court have been, or could have been, fully and finally resolved by the United States District Court for the Central District of Illinois' final judgment. Alternatively, Defendants move for the dismissal of multiple claims as such claims are time-barred by the applicable statutes of limitation. Finally, Plaintiff's Complaint should be stricken as scandalous pursuant to Fed.R.Civ.P. 12(f) for exceeding, and thereby failing, to meet the requirements of Fed.R.Civ.P. 8.

II.  LAW AND ARGUMENT

    A.  Legal Standard

        1.  Motion to Dismiss Pursuant to Res Judicata

"[D]istrict courts ordinarily should not dismiss a complaint based on an affirmative defense such as res judicata. . . . But when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." Parungao v. Cmty. Health Sys., Inc., 858 F.3d 452, 457 (7th Cir. 2017) (citations and footnote omitted). As this Court has previously stated:

> [R]es judicata "is [usually] not one of the affirmative defenses that Rule 12(b) permits . . . ; rather, res judicata is an affirmative defense which should be raised in a motion for judgment on the pleadings under Rule 12(c)." U.S. Bank, Nat'l Ass'n v. JKM Mundelein LLC, No. 14-cv-10048, 2015 U.S. Dist. LEXIS 61619, (N.D. Ill. May 12, 2015). That said, depending upon the allegations raised and the content of the public records subject to judicial notice, "res judicata may provide grounds for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." Id.; see also Clark & Leland Condo., LLC v. Northside Cmty. Bank, 110 F. Supp. 3d 866, 868-69 (N.D. Ill. 2015), on reconsideration in part sub nom. 2016 U.S. Dist. LEXIS 8338 (N.D. Ill. Jan. 25, 2016) ("res judicata is an affirmative defense [however] the doctrine of res judicata may properly be raised as a basis to dismiss a complaint pursuant to Rule

4

> 12(b)(6)"). Under Rule 12(b)(6), then, the Court must determine whether the Complaint states "a claim to relief that is plausible on its face." Yeftich v. Navistar, Inc., 722 F.3d 911, 915 (7th Cir. 2013). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw all reasonable inferences in its favor. Id.; Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. Yeftich, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice," including public filings in other federal courts. Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013).

Naughton v. Alden Mgmt. Servs., No. 16-cv-09027, 2017 U.S. Dist. LEXIS 50016, at *4-5 (N.D. Ill. Apr. 3, 2017).

The doctrine of res judicata bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." Bell v. Taylor, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation omitted). To determine whether there is an identity of the causes of action, the Seventh Circuit uses the "same transaction" test to determine if two causes of action are the same. Perry v. Tarry, 96 C 7027, 1997 U.S. Dist. LEXIS 23837, at *4-5 (N.D. Ill. Apr. 16, 1997) (citing Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986)). "Under this test, a claim is deemed to have "identity" with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." Id. at *5 (citing Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338 (7th Cir. 1995)).

"To the extent [a] Plaintiff attempts to bring new claims under legal theories that he did not raise in his previous lawsuits, his claims are barred by the doctrine of claim splitting." Carter v. J.P. Morgan Chase Bank, No. 16-cv-9732, 2017 U.S. Dist. LEXIS 53506, at *6 (N.D. Ill. Apr.

5

7, 2017). "Under the doctrine of claim splitting, a form of res judicata, a party cannot split a cause of into separate grounds of recovery and bring successive lawsuits." Id. (citing Nalco Co. v. Chen, 843 F.3d 670, 674 (7th Cir. 2016)). "Just as the adoption of a new legal theory will not salvage litigation arising from a set of facts that has already been litigated, a party may not avoid the rule against claim splitting by slightly altering the parties in subsequent actions." Czarniecki v. City of Chicago, 633 F.3d 545, 549 (7th Cir. 2011). "If the new parties are in privity with the parties in the original action, the doctrine of claim splitting will apply." VitalGo, Inc. v. Kreg Therapeutics, Inc., No. 16-cv-5577, 2017 U.S. Dist. LEXIS 46276, at *21 (N.D. Ill. Mar. 29, 2017).

    B.    <u>Argument</u>

        **1.    Plaintiff's Complaint Should be Dismissed with Prejudice Because Plaintiff's Claims are Barred by the Doctrine of Res Judicata.**

Plaintiff began working at the Manteno facility as a Spotter on or about January 19, 2004 until his termination on May 13, 2015. He was employed by 4T's Management Company from his start date through April 2013 when Defendant Kenco began managing the Manteno facility and employed Plaintiff. Defendant Kenco managed the Manteno facility until March 2015 when Defendant Exel began managing the facility. On May 13, 2015, Defendant Exel terminated Plaintiff's employment.

When Plaintiff originally filed his Complaint on December 8, 2015 in the United States District Court for the Central District of Illinois, that action was based upon alleged employment discrimination he suffered during his employment with Defendant Kenco at the Manteno facility. (2:15-cv-02288-CSB-EIL, ECF #1) The Complaint was filed more than six months after Plaintiff had been terminated by Defendant Exel. By the time Plaintiff filed his Amended Complaint on July 1, 2016 (Id. at ECF #38), the Court had dismissed the ADEA (age), Title VII

6

(race and sex/gender), state-law conspiracy, state-law intentional and willful interference, and state-law aiding and abetting claims against all Defendants, and the ADA (disability) claim against all Defendants except Kenco. (Id. at ECF #37). The only claims remaining from Plaintiff's Complaint were the Section 1981 (race) and Section 1985 (federal conspiracy) against all Defendants and the ADA claim against Kenco. (Id.) The Amended Complaint added new claims for intentional infliction of emotional distress and obstruction of justice against all Defendants. (Id. at ECF #40) The Court granted the motions for summary judgment in full that were filed by Kenco Defendants (Id. at ECF #104) and Defendant Mars, Inc. (Id. at ECF #103) on October 16, 2017, terminating the case. (Id. at ECF #111) The claims set forth by Plaintiff in his Amended Complaint (Id. at ECF #38) arose from alleged employment discrimination by the Defendants during Plaintiff's employment with Defendant Kenco.

    In this action, Plaintiff is attempting to relitigate claims that have been, or could have been, fully and finally resolved by the United States District Court for the Central District of Illinois' final judgment. The causes of action brought forth before this Court all arise from alleged discrimination endured by Plaintiff during his employment with Defendants Kenco and Exel, which was between April 2013 and May 13, 2015. Plaintiff's previously filed Amended Complaint with the United States District Court for the Central District of Illinois was filed on July 1, 2016, which was well over a year since his employment at the Manteno facility had been terminated by Excel. Under Illinois' transactional test, all of the facts used to support the claims set forth in Plaintiff's Amended Complaint took place during his employment with Defendants Kenco and Exel between April 2013 and May 13, 2015. In this case, all of the causes of actions raised by Plaintiff also stem from his employment with Defendants Kenco and Exel between April 2013 and May 13, 2015. Plaintiff is attempting to raise several new causes of actions

under new legal theories that he previously didn't raise with the United States District Court for the Central District of Illinois, but these causes of action are still supported by facts that allegedly took place during his employment with Defendants Kenco and Exel between April 2013 and May 13, 2015. Therefore, the first requirement of res judicata is satisfied.

Additionally, the parties in this action were either parties in the previous action or are in privity with parties in the previous action. In the previous action, Defendants Mars, Inc., Kenco, Kelvin Walsh, Mario Lopez, David Jabaley, and Michael Manzello were all named defendants, as they are here. Plaintiff has added Defendants Exel, Robert Coffey, Todd Moore, and Jay Elliot, all of whom are in privity with the parties of the previous action. At the time the previous lawsuit was filed by Plaintiff, and at all relevant times referenced in Plaintiff's previous and current complaints, Defendant Exel was in contractual privity with Defendant Mars, Inc., as the third-party logistics company contracted to manage and operate Mars, Inc.'s Manteno facility. Additionally, at the time the previous lawsuit was filed by Plaintiff, and at all relevant times referenced in Plaintiff's previous and current complaints, Defendants Robert Coffey and Todd Moore were also in privity with Defendant Mars, Inc., as each was employed with Mars, Inc. Robert Coffey was the Regional Distribution Manager for Mars, Inc., and Todd Moore was the Senior Manager of Logistics for Mars, Inc. "As an employee of [a company], [the employee] is in privity with that defendant." Perry, 1997 U.S. Dist. LEXIS 23837, at *7. Finally, at the time the previous lawsuit was filed by Plaintiff, and at all relevant times referenced in Plaintiff's previous and current complaints, Defendant Jay Elliot was in privity with Defendant Kenco, serving as Vice President of Legal for Kenco. Therefore, all parties to this action were either parties in the previous action or are in privity with parties in the previous action, thus satisfying the second requirement of res judicata.

Finally, Plaintiff's previous lawsuit was a final judgment on the merits. On October 16, 2017, the United States District Court for the Central District of Illinois granted the Motions for Summary Judgment filed by Kenco Defendants (2:15-cv-02288-CSB-EIL, ECF #104) and Defendant Mars, Inc. (Id. at ECF #103) in full, and the case was terminated. (Id. at ECF #111) The granting of a Motion for Summary Judgment is considered to be on the merits for the purposes of res judicata. Shakman v. Democratic Party Org., No. 03 C 4819, 2004 U.S. Dist. LEXIS 997, at *17 (N.D. Ill. Jan. 27, 2004) (citing Spiegel v. Continental Illinois Nat. Bank, 790 F.2d 638, 645 (7th Cir. 1986)). Therefore, the third requirement of res judicata is satisfied.

Because Plaintiff's Complaint raises claims that were, or could have been, litigated in the previous lawsuit that ended in a final judgment on the merits, with the same causes of action and the same parties, and privities thereof, Plaintiff's Complaint should be dismissed with prejudice.

> **2. Alternatively, Plaintiff's Claims Arising Under Title VII and 42 U.S.C. §§ 1981, 1983, and 1985 Are Time-Barred by the Applicable Statute of Limitations, and Therefore Should be Dismissed with Prejudice.**

In Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013), the Seventh Circuit Court of Appeals explained:

> Prior to filing suit under Title VII, a party must first file a charge of discrimination with the EEOC, 42 U.S.C. § 2000e-5(f)(1), and a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII. Tamayo v. Blagojevich, 526 F.3d 1074, 1089 (7th Cir. 2008) (citing Olsen v. Marshall & Ilsley Corp., 267 F.3d 597, 604 (7th Cir. 2001); Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989)). This requirement "gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." Ezell v. Potter, 400 F.3d 1041, 1046 (7th Cir. 2005) (citation omitted). With this two-fold purpose in mind, we have recognized an exception to the rule that a party not named in the EEOC charge is not subject to suit under Title VII where the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at

9

voluntary compliance[.]" Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 (7th Cir. 1981) (citations omitted).

Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013). In Illinois, for a Charge of Discrimination ("Charge") to be timely filed, a complainant is required to file a Charge with the Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR") within 300 days from when the alleged discriminatory act occurred. Filipovic v. K&R Express Systems, Inc., 176 F.3d 390, 396 (7th Cir. 1999). Failure to file within 300 days results in the charge being untimely. Id.

Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice," including public filings in other federal courts. Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013).

In Plaintiff's Amended Complaint filed in the earlier lawsuit (2:15-cv-02288-CSB-EIL, ECF #38), Plaintiff attached the Charge he filed on September 22, 2014 with the IDHR against Defendant Kenco. (2:15-cv-02288-CSB-EIL, ECF #38, pp. 7-9) Plaintiff never filed a Charge against Defendants Mars, Inc., Robert Coffey, or Todd Moore. As previously stated, a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII, unless the Eggleston exception applies. Plaintiff makes no mention in this Complaint of why the Eggleston exception would apply. Plaintiff had 300 days from the date of the alleged discrimination to file a Charge against Defendants Mars, Inc., Robert Coffey, and Todd Moore to have met the timeliness requirement. However, Plaintiff failed to do so. Therefore, because Plaintiff failed to file a Charge against Defendants Mars, Inc., Robert Coffey, and Todd Moore, all of Plaintiff's Title VII claims against Defendants Mars, Inc., Robert Coffey, and Todd Moore should be dismissed with prejudice.

Most federal statutes, including 42 U.S.C. § 1981, do not contain a statute of limitations. In <u>Goodman v. Lukens Steel Co.</u>, the United States Supreme Court held that the federal courts should apply "the most appropriate or analogous state statute of limitations" to claims arising under alleged violations of § 1981. 482 US 656, 660 (1987). In 1990, Congress enacted a 4-year statute of limitations for all actions that arise under federal statutes which were enacted after December 1, 1990. 28 U.S.C.S. § 1658. Then in 1991, Congress amended Section 1981 of the Civil Rights Act of 1991, leading to uncertainty about the applicability of 28 U.S.C. § 1658 to the amendment. However, in <u>Jones v. R. R. Donnelley & Sons Co.</u>, the United States Supreme Court held that the four-year statute of limitations prescribed by 28 U.S.C. § 1658 would apply to claims that "'aris[e] under an Act of Congress enacted' after December 1, 1990," meaning the four-year statute of limitations would apply to claims brought under 42 U.S.C. § 1981. 541 U.S. 369, 382 (2004).

On January 19, 2004, Plaintiff was hired by 4T's Management Company as a Spotter Driver. Plaintiff was employed by 4T's Management Company until April 2013 when Defendant Kenco began managing the Manteno facility and employed Plaintiff. Defendant Kenco managed the Manteno facility until March 2015 when Defendant Exel began managing the facility. On May 13, 2015, Defendant Exel terminated Plaintiff's employment. (Complaint, ¶ 10) To be timely raised, all Section 1981 claims, except retaliation (addressed below), raised by Plaintiff would have to be filed no later than four years after the date of the alleged discrimination. Plaintiff has failed to make any mention of any alleged discrimination, or complicity to any discrimination, by Defendants Mars, Inc, Robert Coffey, or Todd Moore. The last date Plaintiff references in his Complaint that is tied to any alleged discrimination is the date of his termination on May 13, 2015. As Plaintiff's employer, Defendant Exel, was solely

responsible for this decision. Defendants Mars, Inc., Robert Coffey, and Todd Moore had no input nor any involvement in the decision to terminate Plaintiff. Therefore, because Plaintiff has failed to allege any act of discrimination by Defendants Mars, Inc., Robert Coffey, or Todd Moore within four years of the date of filing this Complaint, any claim for discrimination against Defendants under Section 1981 is barred by the four-year statute of limitations and should be dismissed with prejudice.

The Complaint also sets forth a claim for retaliation under Section 1981, however, even though claims for retaliation under Section 1981 are subject to the four-year statute of limitations, allegations of retaliation can arise even after an employee is no longer employed with the employer. In Burlington N. & Santa Fe Ry. v. White, the United States Supreme Court held that an ex-employee could allege retaliation based on actions that extended beyond the work place and the employee's working conditions. 548 U.S. 53 (2006). However, in this case, Mr. Tyson fails to allege any discrimination by Defendants Mars, Inc., Robert Coffey, or Todd Moore within the four years preceding the filing of this lawsuit. Therefore, because Plaintiff failed to timely bring suit for all alleged Section 1981 violations against Defendants Mars, Inc., Robert Coffey, and Todd Moore, all Section 1981 causes of action against Defendants Mars, Inc., Robert Coffey, and Todd Moore should be dismissed with prejudice as they are time-barred by the four-year statute of limitations prescribed by 28 U.S.C. § 1658.

The statute of limitations in Section 1983 cases is governed by the state law limitations period in personal injury actions. Ray v. Maher, 662 F.3d 770, 772 (7th Cir. 2011). Section 1985 cases are also governed by the state law limitations periods in personal injury actions. Kness v. Grimm, 761 F. Supp. 513, 519 (N.D. Ill. 1991). In Illinois, the statute of limitations for personal injury actions is two years under 735 ILCS 5/13- 202. To have been timely filed, Plaintiff would

have had to file suit no later than two years from the date of the alleged discrimination. The last date even referred to in Plaintiff's Complaint is January 6, 2016. (Complaint, ¶¶ 324-25) Based on that date, for any Section 1983 or Section 1985 claim to have been timely filed, they should have been filed no later than January 6, 2018. Plaintiff filed this lawsuit on May 10, 2019. Therefore, because Plaintiff failed to timely bring suit for all alleged Section 1983 and Section 1985 violations against Defendants Mars, Inc., Robert Coffey, and Todd Moore, all Section 1983 and Section 1985 causes of action against Defendants Mars, Inc., Robert Coffey, and Todd Moore should be dismissed with prejudice as they are time-barred by the two-year statute of limitations prescribed by 735 ILCS 5/13- 202.

### 3. Several of Plaintiff's State Law Claims Are Time-Barred by the Applicable Statute of Limitations Prescribed by Illinois Law, and Therefore Should be Dismissed with Prejudice.

Under 735 ILCS 5/13-201, "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of accrued." Additionally, under 735 ILCS 5/13-202, the statute of limitations for a negligence claim resulting in personal injury is within two years after the cause of action accrues. In Feltmeier v. Feltmeier, the Illinois Supreme Court held that "the applicable statute of limitations for intentional infliction of emotional distress is two years, because the tort is a form of personal injury." 207 Ill. 2d 263, 278 (2003). Under Illinois Revised Statutes 1973, ch. 38, par. 3 -- 5(b)), the statute of limitations for perjury is three years. People v. Massarella, 80 Ill. App. 3d 552, 558 (1979). Lastly, the statute of limitations under 735 ILCS 5/13-214.3(b) for civil conspiracy, breach of fiduciary duty, and aiding and abetting is "within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." Hill v. Simmons, 2017 IL App (1st) 160577-U, ¶ 30 (2017); 735 ILCS 5/13-214.3(b).

Plaintiff's Complaint appears to raise several causes of action under Illinois law, including civil conspiracy, intentional infliction of emotional distress, breach of fiduciary duty, defamation, perjury, and aiding and abetting. Based on the statute of limitation period for perjury, which is the longest limitation period of the state claims asserted by Plaintiff, he would have had to file suit no later than three years from the date of the alleged statutory violation. The last date referenced in Plaintiff's Complaint is January 6, 2016. (Complaint, ¶¶ 324-25) Based on that date, for any of the state claims referenced above to have been timely, they would have needed to be filed no later than January 6, 2019. Plaintiff filed this lawsuit on May 10, 2019. Therefore, because Plaintiff failed to timely bring suit for civil conspiracy, intentional infliction of emotion distress, breach of fiduciary duty, defamation, perjury, and aiding and abetting under Illinois state law, those causes of action against Defendants Mars, Inc., Robert Coffey, and Todd Moore should be dismissed with prejudice as they are all time-barred by the applicable Illinois statute of limitations.

### 4. In the Alternative, Plaintiff's Complaint Should be Stricken in its Entirety as Scandalous Because it Would Place an Undue Burden on Defendants in Attempting to Respond.

The Complaint filed by Plaintiff contains 419 paragraphs (not including sub-paragraphs), 26 pages of exhibits, and 90 total pages. For 62 pages, Plaintiff chronicles redundant, complex, and incoherent factual allegations that purportedly support Plaintiff's approximately 29 separate and unenumerated causes of action. Plaintiff's Complaint exceeds what is required under Fed.R.Civ.P. 8(a)(2) and 8(d)(1). Responding to a Complaint of this length would not only be difficult, but also costly, in terms of time and money. See Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 775, 776 (7th Cir. 1994). To be able to properly and effectively respond to the causes of action Plaintiff seeks to bring suit pursuant to, Plaintiff should be required to amend his

Complaint to make it more concise and coherent and to allow Plaintiff to group his allegations under appropriate causes of action. Therefore, Plaintiff's Complaint should be stricken in its entirety as scandalous pursuant to Federal Rule of Civil Procedure 12(f) because responding to it would result in an undue burden for Defendants.

III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that all of Plaintiff's claims against Defendants be dismissed with prejudice because Plaintiff's attempt to bring this lawsuit is barred under the doctrine of res judicata. Alternatively, Defendants respectfully request that all claims brought under Title VII, Section 1981, Section 1983, and Section 1985, as well as the Illinois state law claims for civil conspiracy, intentional infliction of emotional distress, breach of fiduciary duty, defamation, perjury, and aiding and abetting be dismissed with prejudice as they are all barred by the applicable statute of limitations. While we submit that Plaintiff's Complaint should be dismissed pursuant to the doctrine of res judicata, alternatively Plaintiff's Complaint should be stricken as scandalous pursuant to Federal Rule of Civil Procedure 12(f)

Dated: July 15, 2019                                   Respectfully submitted,

/s/ Thomas R. Davies
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com
Attorneys for Defendants
Mars, Inc., Robert Coffey
and Todd Moore

## **CERTIFICATE OF SERVICE**

I, Thomas R. Davies, an attorney, hereby certify that on July 15, 2019, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid, and by email, to the following non-ECF participant:

>Morris Tyson
>P.O. Box 55
>Steger, IL 60475
>Morris60901@yahoo.com

>/s/ Thomas R. Davies
>Thomas R. Davies, Esq. PA #35260
>Kimberly J. Overbaugh, Esq. PA #85610
>HARMON & DAVIES, P.C.
>2306 Columbia Avenue
>Lancaster, PA 17603
>Tel. (717) 291-2236
>Fax (717) 291-2236
>tdavies@h-dlaw.com
>koverbaugh@h-dlaw.com
>Attorneys for Defendants
>Mars, Inc., Robert Coffey
>and Todd Moore