### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MORRIS TYSON, | |
| Plaintiff, | |
| v. | Case No. 19-cv-3193 |
| MARS, INC., et. al, | Judge Mary M. Rowland |
| Defendants. | |

### ORDER

Plaintiff Morris Tyson brings this employment discrimination suit against Defendants Mars, Inc., Todd Moore, Robert Coffey, and Exel. This Court already dismissed with prejudice the Mars Defendants and granted in large part Exel's motion to dismiss. Tyson has filed an amended complaint and Defendants have again moved to dismiss.

For the reasons explained below, the Court grants Mars' dismissal motion [59] and grants Exel's dismissal motion [64], with the exception that some claims are dismissed without prejudice. Judgment is entered in favor of Defendants and this case is closed.

### I.   Background

#### A.  Procedural History

On July 23, 2019, the Court dismissed with prejudice Defendants Mars Inc., Coffey, and Moore and Kenco Logistics, Jay Elliott, David Jabaley, Mario Lopez, Mike Manzello, and Kevin Walsh on the grounds of *res judicata* and issue preclusion because the same issues and/or parties had already been involved in and decided in prior litigation in the Central District of Illinois (*Tyson v. Kenco et. al.*, 2:15-cv-02288). (Dkt. 34). In the Central District case, Tyson, who is black, alleged that the defendants failed to accommodate his disability under the Americans with Disability Act (ADA), racially discriminated against him in violation of 42 U.S.C. § 1981, retaliated against him in violation of § 1981, and conspired against him in violation of 42 U.S.C. § 1985(3). (*see* case no. 15-cv-02288, Dkt. 111).

On March 26, 2020, this Court granted in large part Exel's Motion to Dismiss. (Dkt. 50, "March 26 Order"). In that order, the Court permitted Tyson to file an

1

amended complaint if he could state a claim against Exel based on Exel's interactions with him after February 28, 2015. (*Id.*). However, the Court required Tyson to remove from an amended complaint all irrelevant information about Kenco, Mars and the dismissed individuals, as well as irrelevant information on the Bioterrorism Act, OSHA, and the FDA. (*Id.*). The Court warned Tyson that failure to comply with its March 26 Order requiring him to amend and limit his complaint could result in the dismissal of this action. (*Id.*).

## B. Amended Complaint

On May 1, 2020, Tyson filed his amended complaint, containing 207 paragraphs. (Am. Compl., Dkt. 56). Tyson was employed at the Mars Manteno warehouse from January 2004 to May 2015. (*Id.* ¶ 2). Mars used third party logistics company Exel beginning in March 2015 to manage its warehouse. (*Id.* ¶ 4). Tyson filed discrimination charges with the IDHR and EEOC in 2014 and 2015. (*Id.* ¶¶ 10-11). He alleges that within days of filing the 2015 charges, he was terminated. (*Id.* ¶ 13). Tyson asserts that his race and race-based complaints "were substantial motivating factors in Defendant Mars and Exel's actions in terminating [him]." (*Id.* ¶ 101). He contends that similarly situated non-black employees were not subjected to retaliation and adverse action. (*Id.* ¶ 103). Tyson's employment ended May 13, 2015; he alleges he was given conflicting reasons for his termination. (*Id.* ¶¶ 150-51). He also alleges no other Caucasian person was subject to this adverse employment action. (*Id.* ¶ 156).

Tyson alleges that his termination was in retaliation for his complaints about racial discrimination, hostile work environment, and ADA violations. (*Id.* ¶ 166). He also alleges that he did not need accommodations as a spotter. (*Id.* ¶ 186). He claims that Defendants gave him adverse employment references after he was terminated, thereby tortuously interfering with his business relationships with potential employers. (*Id.* ¶¶ 205-07). Tyson seeks relief under Sections 1981 and 1985 of the Civil Rights Act "along with underlying torts arising from these actions." (*Id.* p. 27).

## II. Standards

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered

adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007).

Federal Rule of Civil Procedure 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[T]he decision to dismiss [under Rule 41(b)] 'depends on all the circumstances of the case.'" *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) (citation omitted).

## III.  Analysis

### A.  Mars Defendants

The Mars Defendants (Mars, Moore, and Coffey) argue that dismissal is warranted under Rule 41(b) because Tyson failed to comply with this Court's prior orders dismissing them. The Court agrees. More than a year after the Court dismissed *with prejudice* the Mars Defendants, Tyson still attempts to name them in his amended complaint. This, despite the fact that the March 26 Order warned Tyson that if he were to file an amended complaint, it must be limited only to defendant Exel. Tyson was warned that failure to comply with the March 26 Order could result in dismissal.

In addition, as the Mars Defendants assert, Tyson is still attempting to relitigate claims that have been or could have been fully and finally resolved by the Central District court's final judgment. "*Res judicata* bars a claim that was 'litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits.'" *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 332–33 (7th Cir. 2018) (citation omitted).

This Court already determined that *res judicata* barred Tyson's claims against the Mars Defendants. The Central District case involved the same claims that Mars (and its privies Moore and Coffey) discriminated and retaliated against Tyson. Tyson does not provide any reason in his amended complaint or response brief (Dkt. 71) for this Court to revisit its prior decisions dismissing the Mars Defendants. Although Tyson's amended complaint makes broad reference to Defendants Mars and Exel terminating him (e.g. (Am. Compl., ¶ 101), the documents attached to Tyson's own complaint (id., Exhs. 1, 3) establish that Exel employed him effective March 2015 and terminated him effective May 2015. In his response brief he concedes that he "was terminated in 2015 by Exel." (Dkt. 71 at 5). Still Tyson argues that Mars and Exel had an agency relationship, implying that they should both be liable for his allegedly discriminatory

termination. But he offers conclusory allegations that Mars was involved in the decision to terminate him. Mars is dismissed with prejudice.

### B. Exel

Exel, the logistics company that took over managing the Mars warehouse where Tyson worked, terminated Tyson's employment on May 13, 2015. Exel argues that Tyson's amended complaint should be dismissed under Rule 41(b) because he failed to comply with the March 26 Order and under Rule 12(b)(6) because this Court already dismissed, based on *res judicata*, Tyson's race discrimination claims under Sections 1981 and 1985 and related state law claims.

The Court agrees that Tyson failed to comply with this Court's March 26 Order requiring him to limit his amended complaint and remove irrelevant information. However, because Tyson is *pro se*, the Court will not dismiss on that basis.

This Court already dismissed with prejudice a number of claims against Exel based on *res judicata*. (March 26 Order). However, the Court permitted Tyson to file an amended complaint if he could state a claim against Exel "based upon Exel's interactions with him after February 28, 2015." (*Id*). As Exel points out in its present motion to dismiss, Tyson's 2016 EEOC Charge of Discrimination against Mars and Exel include ADA and race discrimination and retaliation claims and is pending (at least as of the time of the present motion to dismiss briefing in this case). (Dkt. 65 at 7, n.7, Dkt. 44, pp. 27-30, 37). Tyson does not dispute that the EEOC is still investigating—stating that his "claims are still pending at the EEOC relative to this matter." (Dkt. 71 at 4). The documentation shows those 2016 EEOC Charges are limited to Tyson's May 13, 2015 termination.

Thus, before filing the present lawsuit, Tyson had not exhausted his administrative remedies relative to his termination. Therefore those claims only are dismissed without prejudice from this suit. Any claims against Exel *not* based on his May 2015 termination are dismissed with prejudice because they could have been raised in the Central District case and are thus barred by *res judicata*.

Although Exel presses for dismissal based on *res judicata* of all claims against it in the amended complaint, Exel has not shown that *res judicata* applies so broadly here. Exel does not explain how Tyson's allegations about discrimination *during* his employment and the alleged discrimination he experienced when he was *terminated* are based on "a single core of operative facts." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011). *Cf. Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 841 (7th Cir. 2015) ("both cases alleged wrongful nonrenewal [termination] and thus shared the same core factual basis for res judicata purposes").[1]

---

[1] The Seventh Circuit has "repeatedly explained that a plaintiff in this situation—that is, a discrimination claimant who is waiting for a right-to-sue letter on new claims that are

Finally, the Court already dismissed with prejudice Tyson's state law claims as being unsupported by the allegations in the complaint and outside the statute of limitations. (March 26 Order). Tyson does not provide any reason in his amended complaint or response brief for this Court to revisit its decision.[2] These claims are dismissed with prejudice.

## IV. Conclusion

For the stated reasons, Defendants' motions to dismiss [59] and [64] are granted. Tyson's asserted ADA discrimination, race discrimination, and retaliation claims against Exel *based on his May 2015 termination* are dismissed without prejudice. All other claims are dismissed with prejudice. Finally, the Court denies Tyson any leave to amend his complaint because he has already had the opportunity to amend, did not comply with this Court's order regarding amendment, and further, it is not possible for him to amend the claim based on his May 2015 termination until he receives his right to sue letter from the E.E.O.C.

The Clerk is directed to enter judgment in favor of Defendants Mars, Inc., Todd Moore, Robert Coffey, and Exel. Civil case terminated.

E N T E R :

Dated: January 22, 2021

_____
MARY M. ROWLAND
United States District Judge

---

factually linked to an earlier suit—can easily ask the district court to stay the first case until the EEOC letter arrives." *Barr*, 796 F.3d 840.

[2] Alternatively, because the Court is dismissing Tyson's federal claims, under 28 U.S.C. § 1367(c) it declines to exercise supplemental jurisdiction over the state law claims.