

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

MORRIS TYSON,

PLAINTIFF,

VS.     Case No. 1:19 CV-03193

MARS, INC., etal     Judge: Mary M. Rowland

DEFENDANTS

## PLAINTIFF'S MOTION TO RECONSIDER TO AMEND OR ALTER JUDGMENT

Pursuant to Federal Rule of Civil Procedure 59(e) Plaintiff brings this motion to alter or amend the judgment that was entered on January 22, 2021 by this Court to dismiss Plaintiff's claim(s) under Fed. R. Civ. P. 12(b)(6)) and received by Plaintiff on February 4, 2021.

Plaintiff wants to first acknowledge that this Honorable Court's position and ruling is well taken with regards to Res Judicata[1] relating to claims prior to February 28, 2015.

**Plaintiff's claims against Exel**

Plaintiff would like to address the portion of the Court's ruling stating that Plaintiff could refile his claims against Exel in its January 22, 2021 order.

---

[1] Plaintiff did not receive the Court's order entered April 27, 2020 order Dkt. #52 until after he had filed his amended complaint and apologizes for any confusion and/or frustration caused by Plaintiff not having the proper information. Beyond the excess information Plaintiff's complaint is focused on Plaintiff's May 2015 termination and other adverse employment actions that occurred after that date.

1

Plaintiff believes that an error occurred in the dismissal of his complaint before this Court dealing with the adverse employment actions that occurred well after February of 2015. Plaintiff believes this to be true because Plaintiff's section 1981 claim does not require an administrative prerequisite, such as EEOC. (Dkt. #1 pg 3 ¶ 1and Dkt. #56 pg 2 ¶ 1) *Seventh Circuit's holding in CBOCS West Inc. v. Humphries, (Docket No. 06-1431)* It was Plaintiff's desire and intention to file these claims together with his Title VII and ADA claims. However, at the time of this filing of Plaintiff's claims, the EEOC had not concluded its investigation and made any findings.

Plaintiff filed his section 1981 claims on May 10, 2019 prior to the 4 year expiration of the time to do so. With the dismissal of Plaintiff's matter, even without prejudice, Plaintiff is and will suffer unrecoverable harm, as the time to file the claim has already past. Plaintiff also worries that this dismissal may also have other adverse or further reaching consequences on his remaining and impending litigation.

**Allegations Regarding Mars, Inc. controlling relationship of Exel**

Buried in Plaintiff's amended complaint. Plaintiff raised issues that: 1) Mars, Inc. controlled the terms and conditions of all the employees of the Mars Manteno facility, including Exel. (Dkt.# 56 pg 2 ¶'s 3 & 5, pg 3 ¶'s 7 & 9 & pg 6 ¶'s 36 & 37; Dkt. #71 ¶ 4); 2) Mars, Inc. was the direct supervisor of Exel and provided on-site management to evidence this relationship. (Dkt.# 56 pg 6 ¶ 40, pg 7 ¶'s 44 & 46, pg 9 ¶'s 54 & 57; Dkt. #71 ¶ 22 & 24) and; 3) The onsite manager was Robert Coffey and his boss was Todd Moore. (Dkt.# 56 pg. 12 ¶ 82-84 & pg. 13 ¶ 85-86; Dkt. #71 ¶ 22-24).

Plaintiff was hopeful that these paragraphs satisfied the notice pleading requirements. Additionally, in

Plaintiff's initial complaint Dkt. #1 Plaintiff stated the same facts and made specific references and provided exhibits in support of his position that Mars, Inc. through its managers Robert Coffey, Todd Moore and other people daily supervised and controlled the terms and conditions of all the Mars Manteno facility and its employees, including Exel.

### EEOC letters of Substantial findings against Mars, Inc. and Exel

On November 12, 2020, Plaintiff filed with the clerk of the court letters from the EEOC of substantial findings against Mars, Inc. and Exel for Title VII and ADA violations based upon the same events referenced in Plaintiff' claims before the court that occurred after February 28, 2015.

Plaintiff learned just recently that his November 12, 2020 notice of these EEOC substantial findings to the court was not recorded and his filed stamped copy is attached as Exhibit A. Plaintiff also understands the clerk has since filed this document as Dkt. #81.

**Summary**

Plaintiff filed this matter on May 10, 2019 to preserve his legal rights under section 1981under the impression that there were no administrative requirements to file in this court. Plaintiff is certain that Mars and its employees supervised Exel. Plaintiff is also certain that Mars, Inc. controlled the terms and conditions of employees of the Mars Manteno facility and has since Plaintiff's employment began in 2002. Plaintiff also agrees with the findings of the EEOC investigation that both Mars, Inc. and Exel violated Title VII and ADA. Plaintiff believes that these substantial findings were a key piece of information that did not get considered in the court's ruling. Plaintiff also believes that the Title VII violations (race and retaliation) run parallel to section 1981.

**Wherefore** for the aforementioned reasons, Plaintiff prays that this Honorable Court reconsider its decision and amend its January 22, 2021 decision with an order reinstating Plaintiff's

case before the court, as well as, allow Plaintiff leave to amend his complaint, where deficient, relative to incidents that occurred after February 2015 under the Exel Mars management.

Respectfully Submitted February 18, 2021

/s/ *Morris J. Tyson*
Submitted By: Morris Tyson
500 S. Harrison Ave.
Kankakee, IL 60901
815-295-4592

4

## CERTIFICATE OF SERVICE

Please take notice that on February 18, 2021 I, Morris Tyson, hereby do, certify that I did file a <u>MOTION FOR RECONSIDERATION TO AMEND OR ALTER JUDGMENT</u> with the NORTHERN DISTRICT OF ILLINOIS in the foregoing matter of Case No. 1:19 CV-03193 and have served the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system through the Clerk's Office.

Respectfully Submitted this 18 Day of February 2021 by:

/s/ Morris J. Tyson
Submitted By: Morris Tyson
500 S. Harrison Ave.
Kankakee, IL 60901
815-295-4592